# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JAMES B. FULLERTON and
BARBARA A. FULLERTON,
Husband and Wife,

      Plaintiffs,

      v.                                                  Civ. No. 19-415 WJ/SCY

SOUTHLAND ROYALTY COMPANY, LLC,

      Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL

**THIS MATTER** comes before the Court on Plaintiffs' Motion to Compel Defendant to Produce Documents Identifying its Members and Their States of Citizenship (Doc. 8), filed June 18, 2019 and fully briefed July 8, 2019. Having considered the parties' arguments and all relevant authority, the Court grants in part Plaintiffs' Motion to Compel.

## Background

On May 7, 2019, Plaintiffs James and Barbara Fullerton filed a Complaint against Southland Royalty Company, LLC ("Southland"). Doc. 1. In order to meet the diversity jurisdiction requirements of 28 U.S.C. § 1332(a)(1),[1] Plaintiffs alleged that (1) they "are both residents and citizens of the State of Colorado"; (2) "[o]n information and belief, all of the members of Defendant Southland are citizens of states other then the State of Colorado"; and (3) "the amount in controversy exceeds $75,000, exclusive of interest and costs." Doc. 1, ¶¶ 1-3. In response, Defendant Southland filed a Motion to Dismiss, alleging complete diversity does not

---

[1] Under 28 U.S.C. § 1332(a), federal courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States . . . ."

exist. Doc. 6. It asserts that one of its members is MorningStar Partners, LP ("MorningStar"), and at least one of MorningStar's members is a citizen of Colorado. *Id.* at 2-3. Accordingly, it contends that "Southland is considered a citizen of the State of Colorado, among others, because at least one of its members is considered a citizen of the State of Colorado."[2] *Id.* In support, it provides an affidavit of Pamela Graham, Executive Assistant to the President of Southland, who attests that MorningStar is a member of Southland and that "at least one limited partner of MorningStar resides in the State of Colorado." Doc. 6-1, ¶ 5.

Before filing the present Motion to Compel, Plaintiffs requested from Defendant Southland documents identifying each member of Southland and documents identifying the citizenship of each member. Doc. 8-1 at 4. Defendant Southland responded by offering to provide "documentation that MorningStar Partners, LP, is a member of Southland and that a limited partner of MorningStar is a Colorado resident, on the condition that [Plaintiffs] sign a confidentiality agreement." *Id.* at 2. Plaintiffs declined this offer, *id.*, and now seek a Court order compelling production of the requested documents, Doc. 8 at 1.

## **Analysis**

Federal Rule of Civil Procedure 26(b)(1) allows discovery of "any nonprivileged matter that is relevant to any party's claim or defenses and proportional to the needs of the case . . . ." Defendant asserts that it should not be required to produce citizenship documents of all its members because any discovery requests would be premature and because such information is irrelevant. The Court will address each argument in turn.

---

[2] An LLC is a citizen of each and every state in which any member is a citizen. *See Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015). Similarly, a limited partnership (LP) is a citizen of each and every state in which any member is a citizen. *See Penteco Corp., Ltd. P'ship-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1522-23 (10th Cir. 1991).

1. **The Court construes the current motion as a request for Rule 26(d) discovery.**

Defendant first asserts that the Court should deny the Motion to Compel because Plaintiffs never tendered discovery requests upon it. Doc. 11 at 3. Defendant is correct that Plaintiffs never sent it formal interrogatories or requests for production, but instead made their request for citizenship documents by telephone and email. Doc. 8-1. Defendant further contends that the Court should deny the Motion to Compel because Plaintiffs cannot tender discovery requests at this early stage of litigation without seeking a Court order under Federal Rule of Civil Procedure 26(d). Doc. 11 at 3. Again, that is true. Rule 26(d) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." In this case, the Court found good cause to extend the time to issue a scheduling order, Doc. 7, so the time to confer under Rule 26(f) has not yet expired. *See* Fed. R. Civ. P. 26(f)(1). The present Motion, however, is clearly a request for early discovery under Rule 26(d). Because, as explained below, Plaintiffs seek only production of limited information relevant to jurisdiction and the pending Motion to Dismiss, the Court finds good cause to grant the Rule 26(d) request and grant Plaintiffs permission to serve limited discovery upon Defendant.

2. **Discovery identifying the citizenship of the alleged non-diverse members is relevant to the Motion to Dismiss.**

Defendant next argues that because it produced an affidavit as evidence that diversity jurisdiction does not exist, any additional information concerning its members' citizenship is irrelevant. The affidavit Defendant references is that of Pamela Graham, which states only that MorningStar is a member of Southland and that "at least one limited partner of MorningStar Partners LP *resides* in the State of Colorado." Doc. 6-1, ¶ 5 (emphasis added). Residency is not equivalent to citizenship for diversity purposes. *See Siloam Springs Hotel*, 781 F.3d at 1238.

Rather, "it is domicile that is relevant for determining citizenship." *Id.* True, proof of residency may serve as prima facia evidence of citizenship in certain circumstances where the record indicates that an allegation of residency was intended to be an allegation of citizenship. *See Whitelock v. Leatherman*, 460 F.2d 507, 514 n.14 (10th Cir. 1972) (citing *Kelleam v. Maryland Cas. Co.*, 112 F.2d 940 (10th Cir. 1940), *rev'd on other grounds*, 312 U.S. 377 (1941)). Establishing a prima facia case, however, falls short of definitively resolving the citizenship question. Plaintiffs are entitled to an opportunity to rebut Defendant's argument. Without discovery of certain information in Defendant's possession about the alleged non-diverse members' citizenship, Plaintiffs will have no meaningful opportunity to do so.[3]

While information about the alleged non-diverse members' citizenship is relevant, however, Plaintiffs offer no argument as to why they are entitled to personal information about individuals whose citizenship Defendant does not claim would destroy diversity jurisdiction. Plaintiffs cite *Carden v. Arkoma Associates*, 494 U.S. 185, 195 (1990), for the proposition that the Supreme Court has "reject[ed] the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members." Doc. 8 at 4 (citing *Carden*, 494 U.S. at 195). In *Carden*, the Supreme Court held that, when determining the citizenship of an artificial entity, the district court must consider whether the citizenship of *any* of its members might destroy diversity jurisdiction. 494 U.S. at 195. Thus, in this case, the relevant inquiry is whether any of Southland's members (perhaps through MorningStar) are citizens of Colorado. Accordingly, while Plaintiffs are entitled to information about any of Southland's members asserted to be Colorado citizens, Plaintiffs are

---

[3] Plaintiffs also argue that the statement contained in the affidavit about residency is inadmissible hearsay. Doc. 15 at 3. Because the Court finds that Plaintiffs are entitled to additional citizenship discovery, it need not address the hearsay argument.

not entitled to personal information about members not alleged to be Colorado citizens. After all, diversity is destroyed if any one member is a citizen of Colorado, where Plaintiffs are also citizens. *See* 28 U.S.C. § 1332(a)(1); *see also Lincoln Property Co. v. Roche*, 546 U.S. 81, 89 (2005) ("Since *Stawbridge v. Curtiss*, 2 L.Ed. 435 (1806), we have read the statutory formation "between . . . citizens of different states" to require complete diversity between all plaintiffs and all defendants."). Accordingly, the Court will grant Plaintiffs' Motion to Compel in part, allowing Plaintiffs to serve discovery upon Defendant requesting information or documents showing MorningStar is a member of Southland and information or documents related to the citizenship of any individual Southland claims would destroy diversity jurisdiction.

    **3. The Court grants disclosure of certain citizenship information subject to a protective order.**

Finally, Defendant asserts that, should the Court grant Plaintiffs' Motion to Compel, it should be granted subject to a protective order because the information Plaintiffs seek is "commercial information that is not available to the public." Doc. 11 at 5. Plaintiffs do not dispute this contention. Additionally, in reply to its Motion to Dismiss, Defendant explains that the documents it offered to produce to establish citizenship of a non-diverse member included a signed IRS Form W-9. Doc. 12 at 5. That document undoubtedly contains sensitive, personal information. Accordingly, the Court finds good cause under Federal Rule of Civil Procedure 26(c)(1)(G) to enter a protective order. Rather than blindly dictating the terms of that protective order, the Court will provide the parties an opportunity to submit a protective order to the Court. The Court thus orders the parties to submit a proposed protective order within 10 calendar days from the date of this Order. To the extent the parties cannot agree on a protective order, the parties shall submit competing versions of the portions of the proposed protective order on which they cannot agree.

**Conclusion**

For the above stated reasons, the Court GRANTS IN PART Plaintiffs' Motion to Compel. Under Rule 26(d), Plaintiffs are granted permission to serve a maximum of 4 Interrogatories and 4 Requests for Production upon Defendant Southland, limited to (1) requesting information or documents showing MorningStar is a member of Southland and (2) requesting information or documents related to any individual Southland claims would destroy diversity jurisdiction. Plaintiffs shall have 10 calendar days from the date of this order to serve such discovery. Defendant's responses to such discovery will be subject to a protective order.

Finally, because receipt of discovery responses may alter Plaintiffs' response to the pending Motion to Dismiss (Doc. 6), within 14 calendar days of service of Defendant's discovery responses, Plaintiffs may file a supplemental response to the Motion to Dismiss. Within 14 calendar days of service of the supplemental response, Defendant may file a supplemental reply.

_____
STEVEN C. YARBROUGH
United States Magistrate Judge